IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DARRYL HAMILTON, SR.** (Father) on the behalf of the estate of **DARRYL HAMILTON, JR.** (Son) (Deceased), | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16 C 9129 |
| **RICHARD M. DALEY** (Mayor & State's Attorney), et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Darryl Hamilton, Sr. ("Darryl Sr."), asserting that he sues on behalf of the estate of his deceased son Darryl Hamilton, Jr. ("Darryl Jr."), has submitted a thick packet of some 500 pages, comprising a 99-page hand-printed Complaint supplemented by another 400 pages of exhibits, in a further effort to recover from a host of defendants for the assertedly wrongful death of Darryl Jr. as a result of a police shooting nearly 13 years ago (on December 3, 2003). Darryl Sr. has also accompanied his self-prepared Complaint with two completed Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion"). This memorandum order is issued sua sponte to dispatch both the Complaint and this action because the bulky Complaint (an understatement) carries its own seeds of self-destruction.

As the Complaint's caption reveals, Darryl Sr. has targeted pretty much everyone in sight as defendants: former Mayor and State's Attorney Richard M. Daley, former State's Attorney Richard Devine, former Chicago Police Department Superintendent Phillip Cline, former Corporation Counsel Mara Georges and current Corporation Counsel Stephen Patton, Circuit

Court Judge Edward Washington III, Chicago Police Department Officers David Garza and John Moss, the City of Chicago and two non-legal-entities, the Chicago Police Department and its Office of Professional Standards. In like blunderbuss fashion, Darryl Sr. purports to invoke a small hodgepodge of federal statutes and a larger group of Illinois constitutional provisions and Illinois tort law while listing these "ten seperate[sic] but related cause-of-action 'counts'" at Complaint pages 32 and 33 (what follows is copied verbatim from those pages):

1. Count I - Cause-of-actions, under the Illinois Constitution (ie. Illinois Constitution Common Law Tort).

2. Count II - Illegal stop & frisk.

3. Count III - Excessive force (assault).

4. Count IV - Wrongful death (battery and Illinois statute).

5. Count V - Civil conspiracy.

6. Count VI - Conspiracy depriving civil rights.

7. Count VII - Indemnification Claim.

8. Count VIII - Monell claim.

9. Count IX - Voidable judgment (Illinois statute).

10. Count X - Relief from judgment (Illinois statute).

But one of the many things that Darryl Sr. chooses to ignore in all this is that he sought to assert much the same claims, or pretty much indistinguishable variants on those claims, in this District Court over ten years ago in his case number 05 C 4034 assigned to this Court's colleague Honorable Rebecca Pallmeyer. Because pro se plaintiff Darryl Sr. understandably did not accompany his current documents with a Civil Cover Sheet, he did not identify this action as the re-filing of a previously-dismissed case, which under this District Court's LR 40.3(b)(2)

would have caused the case to be assigned directly to Judge Pallmeyer rather than to this Court by random assignment. Nonetheless Judge Pallmeyer and this Court have agreed that nothing constructive would be accomplished by taking the extra procedural steps needed to cause the reassignment of this case to her, given the inevitability of its swift disposition.

In that earlier case Judge Pallmeyer designated counsel from the Kirkland & Ellis firm to represent Darryl Sr., and that counsel responded by notifying Judge Pallmeyer of a planned intervention in a then-pending state court wrongful death lawsuit brought by Darryl Jr.'s mother Janetta Davis as Special Administrator of his estate. That lawsuit by the estate was lost at trial, and that decision was ultimately upheld by the Illinois Appellate Court in Davis v. City of Chicago, 2014 IL App. (1st) 122427, 8 N.E.3d 120 (2014), after which the Illinois Supreme Court denied a petition for leave to appeal. As this opinion discusses a bit later, that action spells doom for Darryl Sr.'s current effort.

To return to Darryl Sr.'s current effort to state a claim, his turgid offering has so many fatal flaws that it is difficult to know where to begin. But the most telling impact of the concluded state court litigation in its revelation that Darryl Sr. has no standing to bring this lawsuit in any event.[1]

As stated earlier, the Illinois state court litigation confirmed that Darryl Jr.'s mother sued there as Special Administrator of his decedent's estate. Simply put, Darryl Sr. cannot now appoint himself as the estate's legal representative authorized to take up the cudgels on his son's

_____
[1] That dispositive deficiency has made it unnecessary for this opinion to slog through the analysis of other problems that Darryl Sr. would have to overcome, such as that state court lawsuit's claim-preclusive impact, coupled with its issue-preclusive effect as taught by the seminal decision in Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979) as extended a few years later in United States v. Stauffer Chem. Co., 464 U.S. 165 (1984).

behalf. That renders his massive attempted presentation to this District Court a nullity, so that this Court is spared the necessity of driving any additional figurative nails into an already-sealed legal coffin.

That said, however, one final merits-related thought should be added. Any reader of Darryl Sr.'s submissions must also recognize that the Complaint's many flaws are not curable because of the substantive deficiencies in Darryl Sr.'s contentions -- that is, those contentions lack the "plausibility" that has been made a condition of the adequacy of a complaint under what this Court has termed the <u>Twombly</u>-<u>Iqbal</u> canon.

In sum, for the most fundamental reason set forth in this memorandum opinion and order -- lack of standing -- as well as because of numerous other obvious defects that it is unnecessary to treat with for present purposes, both Darryl Sr.'s Complaint and this action are dismissed. Although that is a final judgment terminating the case, two subsidiary matters raised by Darryl Sr.'s filings call for comment:

1. As for the Motion (Dkt. No. 4), it is denied as moot.

2. As for the Application (Dkt. No. 3), 28 U.S.C. § 1915 ("Section 1915") requires a determination by this Court of the basis on which any prisoner plaintiff such as Darryl Sr. must pay the $350 filing fee obligation triggered by the prisoner's institution of any federal court action. In this instance the printout that is annexed to the Application, showing transactions in Darryl Sr.'s trust fund account at Stateville Correctional Center, runs only to the latter part of August, while Darryl Sr.'s papers were not received in the Clerk's Office until September 21. This Court's staff is arranging for that printout to be extended to a date just short of the

September 21 date of receipt (to be certain to cover the date of "filing" under the "mailbox rule" established by Houston v. Lack, 487 U.S. 266 (1988)), and when that added information is received this Court will proceed with its responsibilities under Section 1915.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:  September 29, 2016